**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**


ADELLA MESSICK                                                                              PLAINTIFF


V.                                        5:05CV00155 WRW/JTR


MICHAEL J. ASTRUE,
Commissioner, Social Security Administration                                        DEFENDANT


**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge William R.

Wilson, Jr. The parties may file specific written objections to these findings and recommendations

and must provide the factual or legal basis for each objection. An original and one copy of the

objections must be filed with the Clerk no later than eleven (11) days from the date of the findings

and recommendations. A copy must be served on the opposing party. The District Judge, even in

the absence of objections, may reject these findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

**I.  Introduction**

Pending before the Court[1] is Plaintiff's Motion for Attorney's Fees under 42 U.S.C. § 406(b).

(Docket entry #24.) Before addressing the Motion, the Court will review the relevant procedural

history of this case.

---

[1] United States District Judge William R. Wilson, Jr. referred Plaintiff's Motion to this Court
for recommended disposition. (Docket entry #28.)

On November 15, 2004, an Administrative Law Judge ("ALJ") decided that Plaintiff was not entitled to receive social security benefits. On May 19, 2005, Plaintiff filed a Complaint challenging the ALJ's decision. (Docket entry #2.) On July 20, 2006, United States District Judge William R. Wilson, Jr., entered an Order and a Judgment adopting the Court's Proposed Findings and Recommended Disposition, reversing the Commissioner's decision and remanding the case for further proceedings. (Docket entries #18 and #19.)

On September 21, 2007, Plaintiff filed a Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket entry #20.) On September 29, 2007, Judge Wilson entered an Order granting Plaintiff's counsel $2,731.25 in attorney's fees pursuant to the EAJA. (Docket entry #23.)

Following an administrative hearing on remand, the ALJ issued a fully favorable decision to Plaintiff. According to Plaintiff's counsel, David Hendrix, Plaintiff and her children were awarded $40,177.00 in past-due DIB benefits, while the Commissioner withheld 25% of that award, $10,044.25, for payment of attorney's fees. Plaintiff's counsel also states that he was later awarded $5,300.00 in attorney's fees for work performed at the administrative level pursuant to 42 U.S.C. § 406(a). Thus, $4,744.25 remains held by the Commissioner for the payment of attorney's fees at the District Court level.

In his pending Motion, Plaintiff's counsel requests $4,744.25 in attorney's fees for work performed at the District Court level pursuant to 42 U.S.C. § 406(b). If granted, this amount, when combined with the $5,300.00 already awarded to Plaintiff's counsel at the administrative level, would total $10,044.25, or 25% of the past-due benefits awarded to Plaintiff. Plaintiff's counsel agrees that if his requested award is granted, he would be obligated to refund to Plaintiff the

$2,731.25 previously awarded to him under the EAJA.[2]  The Commissioner has filed a Response and does not object to Plaintiff's request.  (Docket entry #27.)

For the reasons discussed below, the Court recommends that Plaintiff's Motion be granted.

## II.  Discussion

Congress, in an attempt to protect Social Security claimants from inordinately large fees, and in a desire to ensure that attorneys representing successful claimants would not risk nonpayment of attorney fees, designed 42 U.S.C. § 406(b) to control, not displace, fee agreements between claimants and their attorneys. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). The statute imposes a limit of twenty-five percent of past-due benefits on attorney's fees, in addition to requiring that federal courts assure that the amount of fees to be paid within that limitation remains "reasonable."

In *Gisbrecht,* the Supreme Court found that Congress, in formulating § 406(b), provided for "a reasonable fee, not in excess of 25 percent of accrued benefits," further stating that "[i]t is also unlikely that Congress, legislating in 1965, and providing for a contingent fee tied to a 25 percent of past-due benefits boundary, intended to install a lodestar method courts did not develop until some years later." *Gisbrecht*, 535 U.S. at 791.  Thus, § 406(b) does not displace contingency-fee agreements as the primary means by which fees are set for successfully representing Social Security claimants in court. Rather, § 406(b) requires court review of such arrangements as an "independent check," to assure that they yield reasonable results in particular cases.  *Gisbrecht*, 535 U.S. at 807.

In reviewing a Petition for fees under § 406(b), the Court  must first look to the contingency-fee agreement to determine whether it is within the twenty-five percent boundary. *Id.* at 808. After

---

[2]In order to prevent a double recovery where a lawyer obtains fees from the government under the EAJA, *and* from the claimant's award under § 406(b), he is obligated to refund to the claimant the amount of the smaller fee.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 797 (2002)

the Court has reviewed the agreement, it must then consider whether the amount of attorney's fees to be paid is reasonable.[3] *Id.* at 809.

### A.        The § 406(b) Requirements for Contingency-Fee Agreements

First, the Court must determine if the written fee agreement meets the guidelines of § 406(b)(1). Here, the Plaintiff entered into a contingency-fee agreement dated May 16, 2005. (Docket entry #24, Ex. D.)   Plaintiff agreed that, for counsel's representation "in federal court review of my [social security] case[,] I agree that my attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to my family and me in the event the case is won."   The Court concludes that the written fee agreement in this case falls within the § 406(b)(1) guideline - it does not exceed twenty-five percent of the past-due benefits.

### B.        The Reasonableness of the Requested Attorney's Fee Under § 406(b)

Second, Plaintiff's attorney must establish that his requested fee is reasonable under the circumstances. *See Gisbrecht*, 535 U.S. at 808.   When considering a fee award, the Court must balance two important policy concerns.   On the one hand, fee awards should be substantial enough to encourage attorneys to accept the risk of pursuing a Social Security case which could result in the claimant being awarded no benefits and the attorney being awarded no fees.   *See McDonald v. Apfel*,

---

[3]Prior to *Gisbrecht*, courts considered the following factors in awarding attorney fees in a Social Security case:  the amount of attorney time spent on plaintiff's case, the complexity of the issues involved, the manner in which plaintiff's attorney analyzed and dealt with the issues, the diligence with which plaintiff's attorney undertook claimant's case, and in general the overall contribution of plaintiff's attorney to the decision reached by the court. *See, e.g. Cotter v. Bowen*, 879 F.2d 359, 363 n.5 (8th Cir. 1989) (listing relevant factors), *abrogated by Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). However, these factors were applied by courts utilizing the "lodestar" method to assist in determining whether the hourly rate should be enhanced based on the circumstances of a case.  The "lodestar" method is no longer used in reviewing § 406(b) attorney fees applications.  *Gisbrecht*, 535 U.S. at 805-06.

2000 WL 744115 *1 (W.D. Mo. 2000) (unpublished opinion) ("If remuneration is insufficient, then deserving claimants will be unable to find counsel"). On the other hand, attorney's fees under § 406(b) are deducted from the claimant's disability award.

By way of further guidance, the Supreme Court has provided some examples of factors to consider in determining if attorney's fees are reasonable. In cases involving contingency-fee agreements, appropriate reductions of attorney's fees have been based on the character of the representation and the results achieved. *Gisbrecht*, 535 U.S. at 808. If the attorney is responsible for delaying the progress of the case, a reduction is appropriate so the attorney does not profit from the accumulation of benefits during the delay. *Id.* Another acceptable basis for a reduction is if a windfall to the attorney would occur because the benefits are large in comparison to the amount of time plaintiff's attorney spent on the case. *Id.* Further, "a court may require the plaintiff's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hours billing charge for noncontingent-fee cases." *Id.*

In support of his EAJA award, Plaintiff's counsel previously submitted an itemized statement reflecting 21.85 hours of work performed at the District Court level. In assessing the value of this work to the client, the Court makes the following observations. Because the Commissioner initially denied Plaintiff's claim, she would have been unsuccessful without judicial review. While Plaintiff's attorney ultimately achieved success for her, he bore the risk that he would not win an award for his client and thus would not be paid. Following the remand in this case, an award of benefits was not certain. It appears that no delay resulted from the representation. The Court also

acknowledges Plaintiff's counsel's experience and history of representing Social Security claimants.

The Court has reviewed the record and has also considered that there is a contingency-fee agreement involved.  Balancing the Court's duty to protect the Plaintiff's disability award against awarding a fee that is substantial enough to encourage attorneys to accept Social Security cases, the Court concludes that a fee of $4,744.25 is a reasonable fee award for Plaintiff's attorney's representation at the judicial review stage. Accordingly, the Court recommends that the Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) be granted, and that Plaintiff's counsel  immediately refund to his client, Adella Messick, the lesser amount of $2,731.25, awarded under the EAJA.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (docket entry # 24) be GRANTED.

2.      The Commissioner certify and pay to Mr. David Hendrix, attorney for Plaintiff, $4,744.25, as attorney's fee under 42 U.S.C. § 406(b).

3.      Plaintiff's counsel, Mr. David Hendrix, immediately refund the $2,731.25 awarded to him under the EAJA, to Plaintiff, Ms. Adella Messick.

DATED this 17th day of January, 2008.

_____
UNITED STATES MAGISTRATE JUDGE